UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                Case No. 07-80788-DHW
                                                     Chapter 7
STANLEY BOONE
JUDY A. BOONE,

       Debtors.

GREATER PEACE BAPTIST CHURCH,
INC., OF OPELIKA, *et al.*,

       Plaintiffs,

v.                                                   Adv. Proc. No. 07-8056-DHW

STANLEY BOONE, ADVANCED CUSTOM
SOLUTIONS, LLC, WELLS FARGO FINANCIAL
LEASING, INC., *et al.*,

       Defendants.

## ORDER GRANTING MOTION TO DISMISS
## CLAIMS AGAINST WELLS FARGO FINANCIAL LEASING, INC.

Defendant Wells Fargo Financial Leasing, Inc. filed a motion to dismiss the claims of Greater Peace Baptist Church, Inc. of Opelika for improper venue. The motion came on for hearing on November 26, 2007. Greater Peace requested an opportunity to file a brief with possible affidavits in opposition to the motion. The court set a briefing schedule on the motion. Wells Fargo filed a timely brief. Greater Peace filed no brief.

Stanley Boone filed a petition under chapter 7 on July 18, 2007. Five plaintiffs filed this adversary proceeding on August 16, 2007 in the Circuit Court of Lee County, Alabama against Stanley Boone and others. Defendant Citicorp Vendor Finance, Inc. removed the proceeding to this court on September 21, 2007. The plaintiffs assert various state law causes

of action against the defendants in connection with several leases of copier equipment.

Wells Fargo Financial Leasing, Inc. is a defendant with respect to only the claims of Greater Peace. Wells Fargo contends that venue in Alabama is improper based on a forum selection clause in its lease requiring "legal actions relating to this agreement" to be "instituted in the courts of Polk County, Iowa or the United States District Court for the Southern District of Iowa which have exclusive jurisdiction." *See* Motion to Dismiss, p. 4.

The forum selection clause in the lease is mandatory. It does not merely suggest Iowa as an acceptable or optional venue. "Forum selection clauses in contracts are enforceable in federal courts." *P & S Business Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003). "The validity of a forum selection clause is determined under the usual rules governing the enforcement of contracts in general." *Id.* "The burden is on the party opposing the enforcement of the forum selection clause to show that the contractual forum is sufficiently inconvenient to justify retention of the dispute." *P & S Business Machines,* 331 F.3d at 807 (citing *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).

Greater Peace filed no brief or affidavit in opposition to the motion. Greater Peace has not met its burden of showing that the forum selection clause should not be enforced. Accordingly, it is

ORDERED that the motion is GRANTED, and the claims of Greater Peace Baptist Church against Wells Fargo Financial Leasing, Inc. are DISMISSED without prejudice to the right of Greater Peace to assert its claims in the proper forum.[1]

---

[1] "By enforcing the contractual forum, the Court is not attempting to limit the plaintiff's usual right to choose its forum, but is enforcing the forum that the plaintiff has already chosen." *P & S Business Machines*, 331 F.3d at 807.

Done this 3rd day of March, 2008.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: James H. White, Attorney for Wells Fargo
   Patrick C. Davidson, Attorney for Plaintiffs